Deering v. Wiley.

## William Deering v. Samuel C. Wiley et al.

1. PROMISSORY NOTES—*Diligence to Collect Waived by Indorsers, etc.*—Where a promissory note contains a provision that indorsers and guarantors waive notice of non-payment and diligence in bringing suit against the maker, the payee is not required to exercise that diligence which an ordinary indorser and guarantor have the right to insist upon in order to be entitled to a recovery against indorsers or guarantors upon the note,

2. TRIALS—*Improper Remarks of the Judge.*—Upon the trial the judge took occasion to remark in the presence of the jury that the testimony of a witness, naming him, was contradictory. *Held,* improper and prejudicial to the opposite party, and its evil effect is not cured by the subsequent remark of the judge, " I think likely that the remark of the court that it is contradictory may be stricken out."

**Memorandum.**—Assumpsit. In the County Court of La Salle County; the Hon. B. F. LINCOLN, Judge, presiding; declaration on promissory note and guaranty; the pleas are stated in the opinion of the court; trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

D. B. SNOW and W. H. HINEBAUGH, attorneys for appellant.

RICHOLSON & SEELEY and H. C. WILEY, attorneys for appellees.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

In February, 1883, appellant appointed O. L. Wilson & Co. his agents to sell farm machinery at Earlville, Illinois, and vicinity for the season of 1883, upon commission. By the written contract executed the agents agreed to sell to good and responsible men only, and to take all notes payable to appellant on blanks to be furnished by him. They agreed to indorse all notes taken by them as follows: "For value received, I hereby guarantee the payment of this note and hereby waive demand, protest and notice of non-payment thereof." It was further provided that the failure of the agents to indorse notes should not affect the above guaranty of all notes taken upon sales under the agreement. Appellant was to have entire control over all contract notes, etc., growing out of sales.

Pursuant to the contract, a harvesting machine was sold to one James Donough, and two notes for the sum of $100 each, taken. The notes are payable to appellant and on the back of each is the printed form of guaranty of payment. The printed form is not signed but in its stead is the following indorsement: "We guarantee the collection of this note. O. J. Wilson & Co."

When appellant's general agent settled with the firm he objected to these two notes because of the indorsement, but one of the firm requested him to send them in to appellant, and that if appellant objected to them to send them back, and they would pay the money. In a few days they were returned with the objection that they were not properly indorsed and a request made for another indorsement. The firm refused to make any further indorsement and returned them claiming that appellant's agent had already accepted them.

The notes were subsequently sued upon and judgment rendered against Donough. Executions issued, but all attempts to collect were futile because of the insolvency of Donough. Then followed this suit. Wiley alone interposed a defense. The declaration contains the consolidated common counts and three special counts on the guaranty of

collection indorsed on the notes. The special counts set up diligence in efforts to collect from the maker, judgment and return of execution *nulla bona*, insolvency of maker, etc. Wiley pleaded, 1st, the general issue; 2d, that the guaranty indorsed was not within the scope of the partnership; 3d, statute of limitations; 4th, payment; 5th, that no judgments were rendered against maker, etc,

Upon the trial, appellant claimed the right to recover upon the ground that by the commission contract, under which O. L. Wilson & Co. operated and took the notes in question, it was provided that the firm should guarantee payment. It is plain that such a claim could not obtain under the pleadings and amended bill of particulars filed.

The notes provided that indorsers and guarantors waived notice of non-payment and diligence in bringing suit against the maker. Appellant was not required to exercise the diligence which an ordinary indorser had the right to insist upon. The court in allowing proof of what the maker had when the notes matured and before suit was brought committed error, therefore.

In view of the proof introduced by appellant showing that the property held by the maker at the maturity of the notes was so heavily mortgaged as not to make it available, this error was, perhaps, not very harmful. But the error of the court in permitting it to be shown that the notes were renewed by an arrangement between William Wilson and Donough, and the new notes taken by William Wilson paid, we can readily see was very detrimental to appellant. There was no evidence whatever, tending to show that William Wilson or any other person had authority to extend time of payment or take a renewal of the notes.

The court took occasion to remark in the presence of the jury that the testimony of one Gilchrist, an important witness for appellant, was contradictory. This was improper and prejudicial to appellant. We can not say its evil effect upon the jury was cured by the subsequent remark of the court, " I think likely that the remark of the court, that it is contradictory, may be stricken out."

Several instructions were given for appellee, entirely ignoring that provision of the notes that guarantors waived diligence in bringing suit against the maker. Another instruction told the jury that it devolved upon the plaintiff to show, among other facts, by a preponderance of the evidence, that the officer who received the execution issuing from the judgment against John Donough, performed his duty with due diligence. The giving of these instructions was erroneous.

The judgment must be reversed and the cause remanded for another trial.